IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

David A. Calhoun,

(Chapter 7)

Debtor.

Case No. 07-12377

MEMORANDUM DECISION

The initial trustee in Calhoun's chapter 7 case resigned due to a conflict of interest. A successor trustee was then appointed. The successor trustee objected to the first trustee's claim for compensation. After a hearing, I took the matter under advisement. For the following reasons, the initial trustee's application to be paid presently and in full is denied. Once this case is closed, total trustee compensation, calculated under the formula set forth in 11 U.S.C. § 326(a), will be apportioned between the two trustees based on the total disbursements made by each.

From October 2007 to May 2009—approximately twenty months—the initial trustee worked on the case and made disbursements to creditors totaling just over $141,000. In May 2009, the initial trustee resigned due to a conflict of interest. A successor trustee was appointed. On August 27, 2009, the initial trustee applied for compensation totaling $12,599.76, comprised of $10,303.08 in fees and $2,296.68 in costs. The initial trustee calculated the fees due to him under the statutory formula set forth in 11 U.S.C. § 326(a), on net disbursements to creditors of

1

approximately $141,000. The successor trustee has not made any disbursements to creditors, although he expects to receive some additional funds for the estate.

The initial trustee proposes that he be compensated now and that the successor trustee be compensated after the case closes. The initial trustee further contends that the successor trustee essentially steps into his shoes and should be compensated at the rate for disbursements in excess of $141,000. The successor trustee contends that this proposal is neither mandated by the Code nor equitable.

## I.

A trustee is entitled to compensation in a chapter 7 case in an amount not to exceed the formula set forth in 11 U.S.C. § 326(a):

> In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest . . .

This statutory cap on trustee's fees applies even where more than one trustee serves on a case. 11 U.S.C. § 326(c) provides that:

> "If more than one person serves as trustee in the case, the aggregate compensation for such service may not exceed the maximum compensation prescribed for a single trustee . . ."

Although the Code clearly caps compensation, even if multiple trustees serve, it is ambiguous as to how the trustees should divide that compensation. In the face of this ambiguity, many courts have fashioned solutions where a case converts from chapter 7 to chapter 13. See, e.g., In re Silvus, 329 B.R. 193 (Bankr. E.D. Va. 2005); In re Fischer, 210 B.R. 467 (Bankr. D.

2

Minn. 1997). But there is little case law concerning apportionment of fees between an initial and successor trustee in a chapter 7 case.

One of the few courts to consider the issue held that its apportionment of fees should be guided by its equitable powers. In re Frost, 214 B.R. 295 (S.D.N.Y. 1997). Other courts' decisions reflect an unspoken concern for equity as well. In extraordinary cases, for example, courts have denied all compensation to one trustee, such as when an initial trustee committed misconduct. In re Bluewater Palmas Ltd., 2006 WL 3909925 (Bankr. D.P.R. 2006) (trustee did not show how services benefited the estate). Compensation has also been denied where a trustee made no disbursements. In re Evans, 344 B.R. 440 (Bankr. W.D. Va. 2004) or reduced where the trustee's fee was unreasonable. In re Iwasa, 2007 WL 4198259 (Bankr. D. Idaho 2007) (initial trustee's fee reduced because unreasonable). Here, however, there is no suggestion that either trustee acted improperly or made an unreasonable claim. Further, both trustees claim they have made or will make disbursements.

It appears that no court has adopted the method proposed by the initial trustee, in which the successor trustee simply picks up where the first trustee leaves off. This silence may be explained by the inequitable results of this approach. Section 326(a) awards compensation on a percentage basis, which diminishes at certain monetary thresholds. If the successor trustee simply continues where the first trustee leaves off, he will earn a lower percentage return than if he had been the initial trustee. For example, the initial trustee in this case disbursed more than $50,000. This entitled him to 25% of the first $5,000 disbursed, 10% on amounts up to $50,000, and 5% on subsequent amounts up to $1 million. If the successor trustee simply steps into these

3

shoes, then he will earn only 5% on disbursements up to $1 million. Simply stated, the more successful the first trustee, the lower the return for the successor trustee.[1]

Instead, the few courts to reach the issue have treated trustee compensation as a pot and divided it between the trustees after the case concludes. Thus, the initial trustee usually gets no compensation until the case closes. In re Computer Learning Ctrs., Inc., 407 F.3d 656 (4th Cir. 2005); In re Frost, 214 B.R. 295 (S.D.N.Y. 1997) ("the compensation of trustees serving in chapter 7 cases is contingent on the total disbursements made"). Although no case details the mechanics of such a division, these holdings anticipate some sort of pro rata division. In other words, once the total amount of disbursements is known, the trustee's fee under § 326(a) can be calculated. Then each trustee is entitled to a pro rata share of this sum. If the division were to be made in any other way, there would be no need to delay payment to the initial trustee.

This approach has one admitted disadvantage, in that compensation for the initial trustee cannot be calculated until the case is closed and all disbursements have been made. See, In re Computer Learning Centers, Inc., 407 F.3d at 661, citing 3 Collier on Bankruptcy §326.03[1][a] ("only after a case is closed (and the total disbursements or plan payments can be determined) can the compensation payable be allocated to a particular trustee.") Some courts, recognizing the adverse impact of a delay on an interim trustee, have awarded interim fees. In re Bank of New England Corp., 134 B.R. 450 (Bankr. D. Mass. 1991) (interim trustee in multimillion dollar chapter 7 case awarded fees discounted by 50% from tentative maximum entitlement). These interim fees would be subject to revision once the total amount of disbursements was known.

---

[1] Neither can this court adopt a method whereby each trustee "starts over" under § 326(a). Under this method, each trustee would be entitled to disbursements under § 326(a) without reference to the other trustee's work. But § 326(c) states that compensation may not exceed that "prescribed *for a single trustee*" under § 326(a).

4

Here, however, the initial trustee has not requested an interim fee. Further, this chapter 7 case is already several years old, so it can be expected to close soon.

For these reasons, fees for both trustees will be calculated at the close of the case based on the formula set forth in 11 U.S.C. § 326(a). This total will then be apportioned between the two trustees based on the total disbursements made by each. It may be so ordered.

Dated: January 22, 2010

*[signature]*

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

In re:

David A. Calhoun,

                Debtor.

(Chapter 7)

Case No. 07-12377

---

## ORDER

---

The Court having reached the conclusions of law contained in the memorandum decision filed on this date, it is hereby ORDERED that total trustee compensation be calculated at the close of the case and apportioned between the two trustees based on total disbursements made by each.

Dated: January 22, 2010

_____
ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE